[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
These are parallel motions to dismiss this action with respect to three of the defendants, viz. Lac d'Amiante du Quebec; Cassiar Mining Corp.; and, Bell Asbestos Mines, Ltd., for lack of personal jurisdiction. CT Page 5395-H
The amended complaint essentially states that the plaintiffs or their decedents were, between 1940 and 1980, employed by the American Optical Co. located in Putnam, Connecticut. These employees manufactured safety equipment and safety clothing, such as hoods and gloves, which garments were cut from asbestos cloth. These employees died or suffered injury as a result of cutting and working with asbestos cloth. The asbestos cloth was purchased by American Optical from various companies who produced such cloth using asbestos fibers mined by the three movants who are foreign corporations.
The movants claim that the court lacks in personam jurisdiction over them under the Connecticut long-arm statute, G.S. § 33-411(c), and under the federal constitution. The parties have submitted supporting affidavits, permitted by Practice Book § 143, to supplement the factual background necessary to resolve these motions to dismiss. It appears uncontroverted that the movants mined asbestos in Canada and sold the ore to several entities worldwide. The movants never dealt with American Optical nor did they ever manufacture asbestos CT Page 5395-I cloth or any other asbestos product except raw ore. The only connection the movants had with Connecticut is that the asbestos ore they placed into the international stream of commerce eventually flowed into Connecticut after having been processed by others into a variety of products.
The pertinent portion of our long-arm statute, C.G. § 33-411 (c)(3), provides that a
 "foreign corporation shall be subject to suit in this state . . ., whether or not such foreign corporation is transacting or has transacted business in the state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising . . . out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers . . . ." CT Page 5395-J
In order to assert personal jurisdiction over a foreign corporation under § 33-411 (c), there must exist sufficient "nexus between the cause of action alleged and [the] conduct of the defendant within the state as specified in its various clauses". Fuehrer v. Owen-Corning Fiberglass Corp., 673 F. Sup. 1150,1155 (D.Conn. 1986). These defendants contend that such nexus is absent. The court agrees.
Section 33-411(c)(3) requires, before personal jurisdiction obtains, a reasonable expectation that "such goods" will be used or consumed in Connecticut and that "such goods" are actually used or consumed in the state. The "goods" which lies at the base of the cause of action in this case is asbestos cloth not raw asbestos ore. While mining companies might reasonably anticipate that the ore they extract will eventually be converted to other intermediate and finished products by others and that the transmogrified results could reach Connecticut, that expectation is not the one required by our long-arm statute. Rather, § 33-411 (c)(3) extends jurisdiction only to foreign companies who reasonably expect that the product they create will be used or CT Page 5395-K consumed in Connecticut directly. An ingredient or component differs from the finished product into which the ingredient or component is placed.
The plaintiffs' position was rejected in nearly identical circumstances by the U.S. District Court for Connecticut in two cases brought by other employees of American Optical against these defendants. In Szela v. Uniroyal, Civil Action No. H89-604 (April 19, 1991) and LeFleche v. Uniroyal, Civil Action No. H89-756 (April 19, 1991), Judge Nevas held that there was "an insufficient factual basis to sustain jurisdiction under § 33-411(c)(3)" over suppliers of raw asbestos fiber which ultimately became the cloth used by American Optical.
Under the plaintiffs' expansive interpretation of "goods" as applying to ingredients as well as finished products, no foreign corporation would fall outside of the scope of the long-arm statute. This interpretation would render the restrictive clauses of § 33-411 (c)(3) meaningless because any producer of raw material in the world would be subject to suit in Connecticut by virtue of having sold the raw material to others who could CT Page 5395-L reasonably sell the finished products in Connecticut. Conceivably, a Bolivian tin mining company would be subject to suit in Connecticut because the tin supplied to a company in Taiwan was used to make a part of a toy manufactured in Mexico which was sold by a distributor in Illinois to a retail store in Connecticut which toy caused injury to a Connecticut resident because of the hardness of the tin part.
The court holds that no personal jurisdiction obtained under our long-arm statute over foreign corporations whose only contact with Connecticut with respect to the cause of action was to supply raw material which was part of another product made by others which eventually was sold in Connecticut. The motions to dismiss are granted.
The court feels compelled to address another unrelated matter. The plaintiffs' brief in opposition to these motions to dismiss contains in footnote 8 a simile which is highly inappropriate and offensive. The court assumes that plaintiffs' counsel will be more circumspect and sensitive in the future and avoid gender-biased metaphor. CT Page 5395-M
Sferrazza, J.